

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

> Opinion No. O-1971
> Re: Does Gregg County have author-
> ity to purchase a piano and
> place same in a "county public
> auditorium" to be used on pub-
> lic occasions?

Your request for opinion upon the above stated question has been received and considered by this department. We quote from your letter as follows:

> "The Attorney General's department under Attorney General McCraw held that Gregg County has authority to construct a public auditorium. The auditorium has been constructed.
>
> "Does the County have authority to purchase a piano and place in such auditorium to be used on public occasions?"

We are unable to find any opinion of Attorney General McCraw holding that Gregg County has authority to construct a "county public auditorium". We therefore do not pass upon the correctness or incorrectness of said opinion.

> "Counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

which the different counties act, and from those statutes must come all the authority vested in the counties.

"The grants of power to such governmental agencies as counties, townships and school districts are generally more strictly construed than are those to incorporated municipalities. The commissioners' court is not vested with any general police power...."
(Tex. Jur., Vol. 11, Sec. 36, p. 565).

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by law,- that is, by the Constitution and statutes of the state." (Tex. Jur., Vol. 11, Sec. 37, pp. 564-565).

"The jurisdiction of commissioners' courts is limited to strictly 'county business', and the legislature has no authority to enlarge their powers or jurisdiction of a matter which is not 'county business'. Any attempt to confer upon the court jurisdiction of a matter which is not 'county business' is void."....
(Tex. Jur., Vol. 11, pp. 565-566)

After a most careful and exhaustive study of this question we have been unable to find any authority, express or implied, which would authorize the expenditure of county funds for the purpose mentioned in your letter. We are unable to find any authority which would classify this proposed expenditure as 'county business'.

You are therefore respectfully advised that it is the opinion of this department that your question

Hon. R. S. Wyche, Page 3


should be answered in the negative and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW




APPROVED FEB 27, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN